UNITED STATES DISTRICT COURT  NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
STATE OF NEW YORK,

                    Plaintiff,              ORDER
                                            16-CV-584 (JG) (LB)
     v.

SAGE-EL d/b/a WINSTON GREGORY HALL,

                    Defendant.
------------------------------------------------------------------

JOHN GLEESON, United States District Judge:

        On February 3, 2016, defendant Sage-El, appearing *pro se*, filed this notice of removal from state court. I grant Sage-El's request to proceed *in forma pauperis* solely for the purpose of this Order. For the reasons that follow, the action is remanded to state court.

## BACKGROUND

        On or about January 25, 2016, Sage-El was arrested for failure to comply with a traffic control sign, obstructing governmental administration in the second degree, resisting arrest, aggravated unlicensed operation of a motor vehicle in the second and third degrees, disorderly conduct, and unlicensed operation of a motor vehicle. *See* Notice of Removal, ECF No. 1, at 9-10. A criminal complaint was filed against Sage-El for these charges in the Criminal Court of the City of New York, Kings County. *See id.* Although Sage-El has attached various documents to the Notice of Removal, he does not provide a valid basis for removing the action to this Court.

## STANDARD OF REVIEW

Federal law provides for the removal of a civil action or criminal prosecution from state court to federal court if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1); *see also* 28 U.S.C. § 1455. A petition for removal under Section 1443(1) "must satisfy a two-pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Georgia v. Rachel*, 284 U.S. 780, 792 (1966)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id.* Second, it must appear on the face of the notice "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* (quoting *Georgia*, 384 U.S. at 803); *see also Best v. State of New York*, 2014 WL 5305991 (E.D.N.Y. Oct. 15, 2014) (remanding *pro se* petitioner's notice of removal to state court). Here, Sage-El fails to provide any basis for removal of the pending criminal prosecution to this Court. As a result, the case is remanded back to the state court.

## CONCLUSION

For the reasons set forth above, I deny Sage-El's Notice of Removal and remand this action to the Criminal Court of the City of New York, Kings County for all further proceedings. I respectfully direct the Clerk of Court to promptly mail a certified copy of this Order to the Clerk of the Criminal Court of the City of New York, Kings County. *See* 28 U.S.C. § 1455(b)(4). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

2

Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
February 12, 2016